UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SONYA LEE SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0735-CVE-TLW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the court is the magistrate judge's report and recommendation (Dkt. # 21) recommending that the Commissioner of the Social Security Administration's decision to deny plaintiff's claim for disability benefits be reversed. Plaintiff and defendant have filed timely objections to the report and recommendation. Defendant asks the Court to reject the report and recommendation and affirm his decision to deny plaintiff's claim. Dkt. # 22. Plaintiff objects to the report and recommendation as to the magistrate judge's finding that a hypothetical question posed by the administrative law judge to a vocational expert included all of plaintiff's limitations, and asks the Court to remand the case with specific instructions concerning the work restrictions to be included in the hypothetical question. Dkt. # 23.

**I.**

Plaintiff filed an application for disability benefits and supplemental security income under Titles II and XVI of the Social Security Act and alleged that she was disabled as of July 1, 2006. Dkt. # 13, at 55. Her claim was denied and she requested reconsideration of her claim. Id. at 42, 43. Plaintiff's request for reconsideration was denied and she requested a hearing before an

administrative law judge. Id. at 38, 39. The matter was set for a hearing before Administrative Law Judge Charles Headrick (ALJ). Id. at 31.

Plaintiff appeared before the ALJ on December 9, 2008 and was represented by counsel. Plaintiff was 26 years old on the date of the hearing. Dkt. # 13-6, at 27. Plaintiff was not married, but she had two minor children from a prior marriage. Id. at 28. She had completed high school and had some training in the field of cosmetology. Id. at 28-29. Plaintiff's last employment before filing for disability benefits was as a gift shop cashier for Hillcrest Medical Center. Id. at 29.

Plaintiff's counsel stated that plaintiff's primary medical issue was diabetes, and this medical condition was responsible for many of plaintiff's other health problems. Id. at 26. Plaintiff testified that she was unable to afford supplies to monitor her blood sugar, and she did not check her blood sugar levels regularly or follow a strict diet to regulate her blood sugar. Id. at 31. She stopped seeing a doctor for treatment to regulate her diabetes in 2007, but visited the emergency room about once or twice a month due to extremely high blood sugar. Id. at 34-36. She stated that she suffered from severe migraine headaches and was often unable to get out of bed due to the severity of the headaches. Id. at 32. She was unable to obtain pain medication and took methamphetamine for a short period of time. Id. at 39. Plaintiff testified that she suffered from severe depression and she had problems with memory and concentration because of her depression. Id. at 40-41. She also suffered from pain in her legs and back, and claimed that she could not stand or walk for more than an hour and a half per eight hour period. Id. at 43.

Plaintiff's counsel asked plaintiff a series of questions about her ability to hold a job with various physical and mental requirements. Plaintiff stated that she could not perform a job that would require her to stand or walk for six hours a day or that would require her to lift up to 20

2

pounds due to her physical limitations. Id. at 50. She claimed that she could not perform a more sedentary job because she would be unable to regularly attend work with her frequent visits to the emergency room. Id. The ALJ briefly examined plaintiff about her non-compliance with prescribed treatment for diabetes. She claimed that she had been advised only once that her non-compliance with treatement contributed to her medical problems. Id. at 51. Plaintiff admitted that she had left the hospital against medical advice on one occasion. Id. She also stated that she stopped using methamphetamine in April 2007. Id.

Plaintiff's boyfriend, Michael McKenzie, testified on plaintiff's behalf. He testified that plaintiff was unable to help with most household chores due to pain in her legs and hands. Id. at 52-53. He did not believe that plaintiff could hold a job requiring regular attendance, because plaintiff's symptoms related to her diabetes and depression would prevent her from maintaining a job for any period of time. Id. at 54.

An impartial vocational expert[1] testified at the hearing based on his review of the file and the testimony given by plaintiff. He testified that plaintiff had previously worked as a delicatessen helper, housekeeper at a hospital, grocery sacker, taper/masker, waitress, and cashier. Id. at 56-57. The ALJ asked the vocational expert to:

> Assume the Claimant to be a 26-year-old female with a high school education and the ability to read, write, and use numbers. Assume further this individual has the physical capacity to perform work consistent with the limitations of Exhibit 20F, that she has functional or mental limitations based upon the diagnosis of Exhibit 19F, and limitations of Exhibit 18F."

---

[1] The hearing transcript shows that the ALJ identified the vocational expert as "Dr. Young" but the written decision refers to the vocational expert as A. Glen Marlowe. Dkt. # 13, at 16; Dkt. # 13-6, at 55.

Id. at 57. Based upon these limitations, the vocational expert testified that the hypothetical claimant could perform plaintiff's past relevant work. However, the vocational expert concluded that a claimant with all of the conditions described in plaintiff's testimony could not return to plaintiff's past relevant work. Id. The vocational expert stated that his testimony was consistent with job descriptions provided by the Dictionary of Occupational Titles (DOT). Id. at 58.

The ALJ issued a written decision denying plaintiff's claim for disability benefits. He found that plaintiff had severe impairments of diabetes, diabetic neuropathy, diabetic macular edema, and depression. Dkt. # 13, at 18. The ALJ determined that plaintiff had the residual functional capacity (RFC) to "perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except for work that requires understanding, remembering, and carrying out detailed job instructions or more than minimal interaction with the public." Id. at 20. The ALJ also considered plaintiff's non-compliance with treatment as a factor detracting from plaintiff's credibility, although he did not deny plaintiff's claim on the merits for such non-compliance. Id. at 21. He did not discount all of plaintiff's testimony, but he found that many of plaintiff's physical and mental limitations were self-imposed and not supported by objective medical evidence. Id. at 22. Based on plaintiff's RFC and the testimony of the vocational expert, the ALJ concluded that plaintiff could perform her past relevant work as a cashier, waitress, and taper/masker. Therefore, he ruled that plaintiff was not disabled and her claim for disability benefits should be denied. Id. Plaintiff appealed the adverse decision to the Appeals Council, and her appeal was denied. Id. at 8.

Plaintiff filed this case seeking judicial review of the denial of her claim for disability benefits, and the matter was referred to the magistrate judge for a report and recommendation. Plaintiff alleged that the ALJ committed three errors:

> A. The ALJ's finding that Ms. Shaw had past relevant work as a taper/masker and as a waitress was erroneous and was not based on substantial evidence.
>
> B. The ALJ's decision was not based on substantial evidence since the ALJ's hypothetical question to the vocational expert did not relate all of Ms. Shaw's impairments with precision.
>
> C. The ALJ committed legal error because he found Ms. Shaw could perform her past work as a cashier and waitress without performing a proper step four analysis.

Dkt. # 17, at 7. The magistrate judge recommended that the denial of benefits be reversed and that the case be remanded for further proceedings. He rejected plaintiff's arguments as to consideration of taper/masker and waitress as past relevant work and the hypothetical question posed to the vocational expert, but he agreed that the ALJ erred at step four of the analysis by finding that plaintiff could perform her past relevant work as a cashier and waitress. Dkt. # 21, at 11-15.

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

**III**.

Both parties have filed objections to the magistrate judge's report and recommendation. Defendant asks the Court to affirm the ALJ's decision because the ALJ correctly found that plaintiff

5

could return to her past relevant work as a taper/masker. Dkt. # 22, at 1. Plaintiff does not object to the magistrate judge's recommendation to remand the matter for further proceedings, but argues that a hypothetical question posed by the ALJ to the vocational expert failed to include all of her physical and mental limitations. Dkt. # 23, at 1-2.

The ALJ issued a written decision that was reviewed by the Appeals Council, which is a final decision by an administrative agency. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). The Court may not reweigh the evidence or substitute its judgment for that of the ALJ but, instead, reviews the record to determined if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Id. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the ALJ's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhardt, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." Id. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. See 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." Allen, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her

from performing her past relevant work. See id. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient [RFC] to perform other work in the national economy. See id.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step four of the analysis and did not reach step five. Step four has three separate phases:

> In the first phase, the ALJ must evaluate a claimant's physical and mental [RFC], *see* SSR 86-8, Soc. Sec. Rep. Serv., Rulings 1983-1991, 423, 427 (West 1992), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. 20 C.F.R. § 404.1520(e). In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.

Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). If a claimant can perform his or her past relevant work, the claimant is not disabled and the ALJ is not required to continue to step five of the analysis. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

In this case, the ALJ concluded that plaintiff's past relevant work as a cashier, waitress, or taper/masker would not require her to perform activities precluded by her RFC. He relied on the vocational expert's testimony to support this conclusion and stated:

> The vocational expert testified that the claimant's past work was unskilled and semi-skilled, and classified as light in exertion. In comparing, the claimant's [RFC] with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the [DOT].

Dkt. # 13, at 22. The DOT states that the jobs of cashier and waitress require significant contact with people, and plaintiff's RFC excludes jobs that require "more than minimal interaction with the public." Id. at 20. The ALJ found that plaintiff could perform her past relevant work as a cashier and waitress, and ruled that plaintiff was not disabled. However, plaintiff's RFC precludes her from working in a job requiring "more than minimal interaction with the public." The ALJ's written

7

decision did not address the apparent inconsistency between this limitation in plaintiff's RFC with the job descriptions provided by the DOT, and the vocational expert did not provide any testimony that would explain this inconsistency.

The magistrate judge found that the ALJ erred by finding that plaintiff could perform her past relevant work of cashier and waitress. Dkt. # 21, at 13-15. He determined that a conflict existed between plaintiff's RFC and the job descriptions for cashier and waitress in the DOT, and relied on Kreuger v. Astrue, 337 Fed. Appx. 758 (10th Cir. July 17, 2009), to support his recommendation that the Commissioner's decision be reversed. In Kreuger, the Tenth Circuit reversed the Commissioner's decision to deny disability benefits due to an error at step four of the analysis. Id. at 761. The claimant had a moderate limitation on her ability to interact with others and her past relevant work included the jobs of cashier, receptionist and bailiff. The DOT description for each of these jobs stated that significant contact with others was a necessary job requirement. Id. The ALJ in Kreuger failed to reconcile the conflict between plaintiff's RFC and the job descriptions in the DOT, and this required the Tenth Circuit to reverse the ALJ's decision. Based on Krueger, the magistrate judge found that the ALJ committed an error at step four by finding that plaintiff could return to her past relevant work of cashier and waitress. However, the magistrate judge did not specifically consider whether the ALJ erred by finding that plaintiff could return to her past relevant work as a taper/masker.[2]

---

[2] The Court notes that plaintiff's opening brief does not allege any error with the ALJ's finding that she could perform the job of a taper/masker, although defendant argued in his response to plaintiff's opening brief that plaintiff's ability to return to her past relevant work as a taper/masker alleviated the need to remand the case due to any other error at step four. See Dkt. # 17, at 7; Dkt. # 19, at 7.

Defendant does not challenge the magistrate judge's report and recommendation as to the conflict between plaintiff's RFC and the DOT descriptions for the jobs of cashier and waitress.[3] Instead, he argues that plaintiff's RFC does not preclude her from working as a taper/masker and the ALJ's decision that plaintiff could perform her past relevant work should be affirmed. Dkt. # 22, at 1-2. The Court will review defendant's argument under a de novo standard of review as required by Rule 72(b). Even though the magistrate judge did not expressly mention plaintiff's past relevant work as a taper/masker, the Court finds that the DOT description of this job shows that there is an apparent conflict between plaintiff's RFC and the job description of taper/masker, and the magistrate judge's recommendation to reverse the denial of plaintiff's claim for disability benefits should be accepted. Plaintiff's RFC precludes her from performing work "that requires understanding, remembering, and carrying out detailed job instructions." Dkt. # 13, at 20. However, the job description for taper/masker states that the job requires a person to "carry out detailed but uninvolved written or oral instructions." DICTIONARY OF OCCUPATIONAL TITLES § 749.687-018 (4th ed. 1991). There is a conflict between plaintiff's RFC and the job description for taper/masker, and the ALJ did not elicit testimony from the vocational expert on this issue or make any attempt to resolve this conflict in his written decision.[4] The matter should be remanded for

---

[3] Although defendant does not challenge the magistrate's report and recommendation on this issue, the Court has independently reviewed the record and agrees with the magistrate judge that the ALJ erred by finding that plaintiff could return to her past relevant work of cashier and waitress.

[4] The Court is not making a conclusive finding as to whether plaintiff could work as a taper/masker with her RFC. Instead, the Court is noting an apparent conflict between plaintiff's RFC and the DOT's description of the requirements for a taper/masker, and it may be that supplementation of the record with additional testimony from a vocational expert may resolve this issue.

further proceedings to supplement the record as to step four and, if necessary, for consideration of step five of the analysis. The Court also agrees with the magistrate judge's recommendation that the case be remanded with leave for the ALJ to consider whether plaintiff's claim may be denied on the merits under 20 C.F.R. §§ 404.1530, 416.930, and SSR 82-59 due to her failure to follow prescribed medical treatment. See Dkt. # 21, at 15.

Plaintiff claims that the Court should specify on remand that the ALJ's hypothetical question to the vocational expert was inadequate, because the question failed to include a limitation on plaintiff's ability to understand or carry out detailed instructions. Dkt. # 21, at 1-2. Plaintiff's objection is not supported by the administrative record and the magistrate judge properly found that the ALJ's hypothetical question to the vocation expert did include all relevant work restrictions. The ALJ determined that plaintiff could not perform work that required "understanding, remembering, and carrying out detailed job instructions." Dkt. # 13, at 20. In his hypothetical question, the ALJ asked the vocational expert to assume that the hypothetical claimant had all limitations suggested by exhibits 18F, 19F, and 20F. Dkt. # 13-6, at 57. Exhibit 18F is a mental RFC assessment of plaintiff and it specifically states that plaintiff is limited in her "ability to carry out detailed instructions." Thus, the ALJ's hypothetical question to the vocational expert did include a limitation on the hypothetical claimant's ability to carry out detailed instructions, and the Court will not reject the magistrate judge's recommendation on this issue.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 21) is **accepted**, and the Commissioner's decision to deny plaintiff's claim for disability benefits is **reversed**. Both objections (Dkt. ## 22, 23) are denied. A separate judgment remanding the case for further proceedings is entered herewith.

**DATED** this 10th day of January, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT